## ABEL B. JONES *versus* CALVIN RICE.

A promissory note given for compounding a public prosecution for a misdemeanor, is founded upon an illegal consideration.

ASSUMPSIT on a promissory note, dated January 1st, 1835, made by the defendant to the plaintiff, for $ 147.

At the trial, before *Shaw* C. J., it appeared that on the night of December 31st, 1834, a ball was given at the house of Joel Jones, in Sudbury ; that an attempt was made by the defendant and others, to interrupt the ball by violence ; that a riot ensued, in which some injury was done to J. Jones and others, assembled at the ball ; that a complaint was filed before a justice of the peace and a warrant issued by him against some of the rioters ; that the persons assembled at the ball chose a committee to report on the terms which should be proposed to

the accused, for a settlement of the difficulty; that the committee reported that the accused should pay the sum of $184; that of this amount the sum of $40 was for damages sustained by three individuals, $10 for the services of the officer, and $2 for the services of the magistrate, and that the balance was for the purpose of stopping that and other prosecutions; that it was thereupon voted by those assembled at the ball, that if the accused would pay the sum proposed or give security for it, the other party would do nothing more about the matter; that the accused agreed to the terms and paid about $40, and the defendant, at their request, gave the note in suit for the balance; that J. Jones and others, including the plaintiff, then signed a receipt " in full for all damages sustained by the ball party assembled, &c. and all other demands of any name or nature of said ball party "; and that in consequence of this arrangement the officer made no return of the warrant, and no further proceedings were had upon the complaint.

The Chief Justice was of opinion, that the plaintiff was not entitled to recover, because the evidence proved a want of consideration or a bad consideration for the note; and the plaintiff consented to a nonsuit, subject to the opinion of the whole Court.

*Hoar*, for the plaintiff, did not contend that a promise made for the purpose of compounding a criminal prosecution, is founded on a good consideration, although it had been so held in England where the offence was under a felony, but he relied on the point, that the plaintiff might have maintained a civil action for the injury sustained by him and had a right to compromise such action, and that such right was not affected by the circumstance that an offence against the public had been committed at the same time. *Collins* v. *Blantern*, 2 Wils. 341; *Edgcombe* v. *Rodd*, 5 East, 294; 1 Chitty on Criminal Law, 4; *Harrison* v. *Parker*, 6 East, 158; *Drage* v. *Ibberson*, 2 Esp. R. 643; *Fallowes* v. *Taylor*, 7 T. R. 475; *Johnson* v. *Ogilby*, 3 P. Wms. 276; Petersdorf's Abr. *Compounding*; 4 Bl. Comm. 136.

*S. H. Mann*, for the defendant, cited *Collins* v. *Blantern*, 2 Wils. 341; *Beeley* v. *Wingfield*, 11 East, 46; *Baker* v *Townsend*, 7 Taunt. 422; 4 Bl. Comm. 363.

*Margin:* Jones v. Rice.

*Margin:* Oct. 21st.

Jones
v.
Rice.

Jan. 21st,
1837.

PUTNAM J. delivered the opinion of the Court. The facts reported disclose, that divers persons committed an aggravated riot and assault upon the plaintiff and others, and that the note was given partly for the damages and expenses which the plaintiff and others had sustained, and partly for their agreement no further to prosecute for the offence against the public. The sum of $ 52 was given for the damages and expenses, and $ 132 for the compounding of the misdemeanor ; part was paid in money, and the balance was secured by the note now sued.

Cases have been cited from the English authorities which sustain the distinction between considerations arising from the compounding of felonies, which is admitted to be illegal, and the compounding of misdemeanors, which is alleged to be lawful ; but it appears that there is a conflict in the decisions upon this matter. In *Drage* v. *Ibberson*, 2 Esp. R. 643, Lord *Kenyon* held, that the consideration for settling a misdemeanor was good in law. And the case of *Fallowes* v. *Taylor*, 7 T. R. 745, proceeds upon the same principle. It was there held by Lord *Kenyon* and the rest of the court, that a bond given to the plaintiff (who was clerk of the quarter sessions and who was directed to prosecute the defendant for a public nuisance,) conditioned to remove the nuisance, was valid, notwithstanding it was taken by the plaintiff for his own use, he agreeing not to prosecute for the nuisance.

We do not think, that such a power is vested in individuals. It would enable them to use the claim of the government for their own emolument, and greatly to the oppression of the people. It has a direct tendency to obstruct the course of the administration of justice ; and the mischief extends, we think, as well to misdemeanors as to felonies. 1 Russell on Crimes, 210 ; *Edgcombe* v. *Rodd*, 5 East, 301.

The power to stop prosecutions is vested in the law officers of the Commonwealth, who use it with prudence and discretion. If it were given to the party injured, who might be the only witness who could prove the offence, he might extort for his own use, money which properly should be levied as a fine upon the criminal party for the use of the Commonwealth. The case at bar furnishes a strong illustration of the illegality of such a proceeding. The plaintiff claimed and got the note

to secure to his own use four times as much as in his own estimation his individual damage amounted to. Now the sum thus secured might be more or less than the rioters would have been fined ; but whether more or less is altogether immaterial ; for no part of it belonged to the party. He might settle for his own damage from the riot ; but it would enable the party to barter away the public right for his own emolument, if we were to hold that the consideration of this note was lawful.

We are all of opinion, that the nonsuit must stand.